IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ /s/ ___ D.C.

05 AUG 29 PM 3: 46

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

TROY L. VAUGHAN, JR.,

      Plaintiff,

v.                                No. 03-2470 Ma V

MEMPHIS HEALTH CENTER, INC.,

      Defendant.

---

## JOINT PRETRIAL ORDER

---

COME NOW the parties with their Joint Pretrial Order in the above referenced matter. A pretrial conference was held on Friday, August 19, 2005, at 9:00 a.m. at the United States District Courthouse in Memphis, Tennessee before the Honorable Samuel H. Mays, Jr. Present and representing plaintiff was David M. Rudolph of the law firm of Martin, Tate, Morrow & Marston, P.C. Present and representing defendant was Florence M. Johnson and Pamela McFarland Brown.

### JURISDICTIONAL QUESTIONS

Jurisdiction has been conceded by the parties and should be found by the Court to be present pursuant to 28 U.S.C. § 1331.

### MOTIONS PENDING

1.    **Plaintiff's Motion in Limine to Exclude Any Evidence of Prior Discrimination Lawsuits against Former Employer, filed 2/14/05.** Plaintiff moved in limine to exclude any evidence at trial by Defendant Memphis Health Center, Inc. of two prior discrimination lawsuits filed by Plaintiff against his former employer The University of Tennessee and various University

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-31-05

120

officials on the grounds of relevance (Fed. R. Evid. 402) and undue prejudice (Fed. R. Evid. 403).
Defendant contends that the prior discrimination lawsuits are relevant and not unduly prejudicial.

2.    **Plaintiff's Motion in Limine to Exclude Evidence of Tennessee Human Rights
Commission Charge Determination, filed 2/14/05.**   Plaintiff moved in limine to exclude any
evidence of the Tennessee Human Rights Commission charge determination on the grounds of
undue prejudice (Fed. R. Evid. 403).   Defendant contends that evidence of the charge
determination is not unduly prejudicial.

3.    **Plaintiff's Motion in Limine to Exclude Evidence of Receipt of Collateral
Source Benefits, filed 2/14/05.**   Plaintiff moved in limine to exclude any evidence at trial by
Defendant of the receipt by Plaintiff of unemployment compensation, Social Security retirement,
pension, veterans' disability and other collateral source benefits on the grounds of relevance (Fed.
R. Evid. 402).   Defendant contends that these benefits are relevant and should be admitted into
evidence.

4.    **Defendant's Motion in Limine to Exclude Any Testimony Surrounding United
States of America v. Gregory Grant and Magnolia Transportation, Inc., filed 1/4/05.**
Defendant moved in limine to exclude any testimony at trial surrounding the litigation involving
its former Board Chairman/witness Gregory Grant, styled *United States of America v. Gregory
Grant and Magnolia Transportation, Inc.* on the grounds of relevance (Fed. R. Evid. 402); undue
prejudice (Fed. R. Evid. 403); hearsay (Fed. R. Evid. 802); and impermissible character evidence
(Fed. R. Evid. 404).   Plaintiff contends that Gregory Grant perjured himself regarding this federal
litigation at his deposition and is subject to impeachment regarding same should he testify at trial.

5.    **Defendant's Opposition to the Plaintiff's Rule 34 Request to Inspect and
Plaintiff's Requests for Admissions, filed 1/5/05.**   Defendant contends that Plaintiff should not

be able to use its failure to respond to Plaintiff's Requests for Admissions because the parties discussed staying discovery when Defendant failed to respond to Plaintiff's previous motion for default judgment and sanctions. Plaintiff contends that discovery was never stayed by the Court and that Defendant failed to respond to Plaintiff's Requests for Admissions within the thirty days provided by the Federal Rules of Civil Procedure.

6. **Defendant's Motion in Limine to Exclude Any Testimony of Entitlement to Front Pay and Liquidated Damages, filed 1/20/05.** Defendant moved in limine to exclude any evidence of entitlement to front pay and liquidated damages, contending that Plaintiff is not entitled to same. Plaintiff contends that reinstatement is not viable and that he is entitled to front pay in order to be made whole. Plaintiff also contends that he will offer evidence of a willful violation for purposes of liquidated damages.

7. **Defendant's Motion in Limine and Objections to Plaintiff's Exhibits 2, 6-14, filed 1/20/05.** Defendant moves in limine, objecting to certain of Plaintiff's proposed exhibits in the previous version of the Joint Pretrial Order. Plaintiff contends that the exhibits are admissible.

## SHORT SUMMARY OF CASE

This is an age discrimination lawsuit brought by Plaintiff Troy Vaughan under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. ("ADEA"). Plaintiff alleges that he was discriminated against by Defendant Memphis Health Center with respect to hiring for two separate positions of Chief Operations Officer and Human Resources Director with Defendant in 2001 and 2003. As to each position, Plaintiff contends he was more qualified than Leon Dishmon (who was the person selected) and that Mr. Dishmon was substantially younger than Plaintiff. Plaintiff further contends that Leon Dishmon did not meet the

minimum qualifications for the positions. Instead Plaintiff alleges that age was a determining factor in Defendant's refusal to hire him for the two positions. Plaintiff asserts that he incurred damages because of the alleged age discrimination.

Defendant denies that any age discrimination occurred with respect to Plaintiff and the two positions. Defendant contends that Leon Dishmon was a more qualified candidate for each position than Plaintiff. Defendant denies that Plaintiff incurred any damages for which it is responsible.

## CONTENTIONS OF THE PARTIES

### 1)    Plaintiff's Contentions

This is an age discrimination lawsuit by Plaintiff Troy Vaughan under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. ("ADEA"). Plaintiff was born on September 8, 1938 and is currently sixty-five (65) years old. The lawsuit involves discrimination in hiring for two separate positions with Defendant Memphis Health Center in 2001 and 2003. Plaintiff contends that Defendant cannot (and has not) articulated through admissible evidence the legitimate, non-discriminatory reasons for the two hiring decisions affecting Plaintiff. As such, Plaintiff believes that he is entitled to judgment as a matter of law.

On November 15, 2000, Defendant posted a job opening for a vacant Chief Operations Officer position. The closing date for applications was December 1, 2000. After the job opening posting in November 2000, Plaintiff timely applied for the vacant Chief Operations Officer position with Defendant. Plaintiff more than possessed the minimum qualifications for the posted Chief Operations Officer position, based on his educational background and extensive management experience in health care with the University of Tennessee Health Science Center in

4

Memphis.

In late December 2000, Colleen Gibson and Virginia Richardson interviewed Plaintiff for the vacant Chief Operations Officer position. At the time, Colleen Gibson was the Chief Executive Officer of Defendant, while Virginia Richardson was the Manager of Human Resources of Defendant. At the interview, Plaintiff was told that he was one of two persons being interviewed for the position. Plaintiff was also told at the interview that he was going to be hired for the Chief Operations Officer position and was asked when he could start employment with Defendant. Defendant hired Leon Dishmon instead of Plaintiff for the Chief Operations Officer position in October 2001.

Leon Dishmon did not meet the minimum job qualifications as stated in the posted job opening, nor did he possess the job qualifications, educational background and experience that Plaintiff had for the position. In addition, Leon Dishmon is substantially younger than Plaintiff. Mr. Dishmon's birth date is December 11, 1954. At the time Mr. Dishmon was hired for the Chief Operations Officer position, he was 46 years old while Plaintiff was 62 years old.

After Plaintiff was denied the position, he formally complained in November 2001 to the Memphis Health Center Board of Directors and sent a copy of the complaint letter to Chairman-Elect Gregory Grant. Subsequently, Chairman Grant sought to meet with Plaintiff regarding his discrimination claim. At a meeting at Mississippi Boulevard Christian Church, Chairman Grant admitted to Plaintiff in late September/early October 2002 that Defendant had "discriminated" against Plaintiff. Chairman Grant told Plaintiff: "[Y]ou've been discriminated against . . . you should have been hired in the COO position and I've done an investigation, you've been discriminated against." Mr. Grant further told Plaintiff that "we're going to post the Director of Human Resources and we want you to take it."

In February 2003, after seeing a newspaper advertisement, Plaintiff applied for the position of Human Resources Director of Defendant. Defendant admitted in its Answer that Plaintiff applied for the position. Defendant subsequently selected Leon Dishmon in February 2003 for that position as well. Mr. Dishmon had earlier been terminated from the Chief Operations Officer position with Defendant for serious misconduct relating to the release of confidential bid information to a bidder for certain work for Defendant. Again, Leon Dishmon was substantially younger than Plaintiff, did not meet the minimum qualifications and was not as qualified as Plaintiff for the Human Resources Director position with Defendant, particularly in light of the serious misconduct for which he had been recently terminated by Defendant. Instead Plaintiff contends that his age was a determining factor in Defendant's refusal to hire him for the Human Resources Director position.

Plaintiff seeks damages in the form of back pay he should have received had he been hired for the Chief Operations Officer and Human Resources Director positions. Plaintiff seeks an additional amount of liquidated damages in the same amount of back pay for Defendant's willful violations of the age discrimination law. Plaintiff also seeks front pay for future years until retirement in which he would have received income for the Chief Operations Officer and Human Resources Director positions.

**2)      Defendant's Contentions**

Plaintiff cannot present any direct evidence of discrimination. Therefore, Plaintiff can only prove discrimination through "circumstantial evidence that would allow an inference of discriminatory treatment" and the McDonnell Douglas/Burdine burden shifting analysis must be applied. If the Plaintiff can present a *prima facie* case, the burden shifting provisions of McDonnell Douglas take effect and the Defendant must articulate a legitimate non-discriminatory

reason for the challenged employment action. St. Mary's Honor Center vs. Hicks, 509 U.S. 502,

507, 113 S. Ct. 2742, 2747, 125 L. Ed. 2d 407 (1993); Burdine, 450 U.S. at 254; Bauer, 169 F.3d

at 966. The Plaintiff must show that:

> (1) he was not hired
>
> (2) he was qualified for the position he sought
>
> (3) he was in the protected class at the time of the failure to hire or promote and
>
> (4) the position he sought was filled by someone outside the protected class.

The Plaintiff alleges that he sought the positions of Chief Operating Officer and Human Resources

Director in 2000 and 2003 respectively.

The Plaintiff fails to establish that he was not more qualified for the position of COO than

the selectee. Plaintiff alleged that he was more qualified than Dishmon but Plaintiff has no

knowledge of the work background or experience of Dishmon other than his unfounded belief that

Dishmon did not have five years of management experience in a health related field. While the

Plaintiff may believe he was more qualified than Dishmon, Plaintiff's subjective belief is not

enough to satisfy the second and fourth prongs of the McDonnell Douglas test. See, Lomax vs.

Sears and Roebuck & Co., 2000 WL 1888715 at *4 (6th Cir. Dec. 19, 2000). Plaintiff's ADEA

claim must be dismissed because Plaintiff cannot prove a *prima facie* case of discrimination.

The second position that the Plaintiff claims that he was discriminated in is that of Human

Resources Director. Plaintiff cannot establish the *prima facie* claim as he failed to even apply for

the position of Human Resources Director. Courts have held that to establish a *prima facie* case

the plaintiff must show that he applied for the job. The Plaintiff who does not apply for the

position cannot assert a *prima facie* case of discrimination. The Plaintiff has produced no

evidence that he applied for the position of Human Resources Director and does not recall what

7

documentation he submitted to apply for the HRD job. The Defendant contends that the Plaintiff never submitted and application for the position of HRD and thus cannot make out a prima facie case of discrimination based on age with regard to this position.

Even if Plaintiff is able to satisfy his burden of proving the elements of a *prima facie* case of discrimination, Memphis Health Center had a legitimate, nondiscriminatory reason for not hiring the Plaintiff for the position of Chief Operations Officer, Plaintiff was not the most qualified applicant. It has been shown that Dishmon received the position because he was the most qualified applicant for the position of Chief Operations Officer. "Title VII does not diminish lawful traditional management prerogatives in choosing among qualified candidates." Wrenn vs. Gould, 808 F.2d 493, 502 (6th Cir. 1987) (citation omitted). "So long as it reasons are not discriminatory, an employer is free to choose among qualified candidates. *Id.*" The Plaintiff cannot rebut the Defendant's proffered explanation for their actions.

Plaintiff has produced no evidence to contradict the reasoning given by the Memphis Health Center for its desire to hire Dishmon over Plaintiff. Dishmon was hired because his background and experience were consistent with the essential functions of the position. Also he was selected because of his ability to effectively articulate specific goals, actions plans and timelines for each of the departments. Plaintiff has no evidence to show that the stated reasons for choosing Dishmon were false. As previously mentioned, Dishmon's qualification include more than five (5) years of health care experience and he applied for the COO position within the appropriate time frame.

While the Plaintiff simply *believes* that he was more qualified than Dishmon, the Plaintiff does not have any other reason to believe that would have gotten the COO position. This explanation is not enough to dispel the Memphis Health Center's stated explanation for choosing

Dishmon over Vaughn. The burden to establish pretext is high. It is not enough to disbelieve the employer; the fact finder must believe the plaintiff's explanation of intentional discrimination. St. Mary's Honor Center, 509 U.S. at 512, n. 4.

Furthermore, the Defendant contends that the Memphis Health Center has in place strong policies on discrimination and this includes reporting allegations of discrimination based on age. Plaintiff did nothing to report his allegations through this system and as such his claims of age discrimination are barred.

## UNCONTESTED ISSUES OF FACT

1.    Troy Vaughan was born on September 8, 1938.

2.    Leon Dishmon was born on December 11, 1954.

Plaintiff further contends that the following additional issues of fact are uncontested because they have been admitted by Defendant when it failed to respond to Plaintiff's First Requests for Admissions, served by mail on August 16, 2004:

3.    In October 2001, the annual salary for the Chief Operations Officer position at Memphis Health Center, Inc. was $68,000.00.

4.    In April 2003, the annual salary for the Human Resources Manager position at Memphis Health Center, Inc. was $64,064.00.

5.    Defendant's Bates Stamp No. D-0160-61 is a true and genuine copy of a letter dated January 30, 2002 from Colleen P. Gibson, Chief Executive Officer of Memphis Health Center, Inc., to Leon Dishmon.

6.    At the time Defendant's Bates Stamp No. D-0160-61 was written, Colleen P. Gibson was the Chief Executive Officer of Memphis Health Center, Inc.

7.      Defendant's Bates Stamp No. D-0120 is a true and genuine copy of a letter dated February 8, 2002 from Colleen Gibson, Chief Executive Officer of Memphis Health Center, Inc., to Leon Dishmon.

8.      At the time Defendant's Bates Stamp No. D-0120 was written, Colleen P. Gibson was the Chief Executive Officer of Memphis Health Center, Inc.

9.      On April 10, 2001, Leon Dishmon applied for the Chief Operations Officer position at Memphis Health Center, Inc.

10.     Defendant's Bates Stamp No. D-0155-59 is a true and genuine copy of a resume submitted by Leon Dishmon to Memphis Health Center with respect to the Chief Operations Officer position.

Defendant contends that there are no other uncontested issues of fact.  Defendant denies that the Plaintiff's Request for Admissions should be deemed admitted as Defendant has opposed the admission of each and every fact to be admitted.

## CONTESTED ISSUES OF FACT

### Plaintiff's Contested Issues of Fact

1.      Whether Leon Dishmon met the minimum qualifications for the Chief Operations Officer position.

2.      Whether Leon Dishmon met the minimum qualifications for the Human Resources Director position.

3.      Whether Plaintiff possessed more job qualifications, educational background and experience than Leon Dishmon for the Chief Operations Officer position.

4.      Whether Plaintiff possessed more job qualifications, educational background and experience than Leon Dishmon for the Human Resources Director position.

5.        Whether Plaintiff formally complained of age discrimination in November 2001 to the Memphis Health Center Board of Directors and sent a copy of the discrimination complaint letter to Chairman-Elect Gregory Grant.

6.        Whether at a meeting at Mississippi Boulevard Christian Church, Memphis Health Center Board Chairman Grant admitted to Plaintiff in late September/early October 2002 that Defendant had "discriminated" against Plaintiff and told Plaintiff: "[Y]ou've been discriminated against . . . you should have been hired in the COO position and I've done an investigation, you've been discriminated against" and whether Mr. Grant further told Plaintiff in that conversation that "we're going to post the Director of Human Resources and we want you to take it."

## DEFENDANT'S CONTESTED ISSUES OF FACT

1.    Whether the Defendant, by and through its employees discriminated against the Plaintiff under the Age Discrimination in Employment Act, 29 U.S.C. 621 et. seq., based on his age for failure to hire the Plaintiff for the position of Chief Operations Officer in 2000?

2.    Whether the Defendant through its agent or employees improperly considered the age of the Plaintiff as a reason for his non-selection for the position of Chief Operations Officer in 2000?

3.        Whether the Plaintiff was actually more qualified for the position of Chief Operations Officer in 2000 than the selectee?

4.        Whether the Plaintiff actually applied pursuant to the application procedure of the Memphis Health Center for the position of Human Resources Director in 2002?

5.        In the alternative if the Plaintiff applied for the position of Human Resources Director in 2002, whether the Plaintiff was more qualified for the position of Human Resources Director than the selectee?

6.     Whether the Plaintiff suffered any damages as a result of the any alleged discrimination based on his age?

7.     Whether Plaintiff has sustained a loss of wages and the extent of such loss;

8.     Whether or not Plaintiff will sustain a future loss of wages and the extent of such loss;

9.     Other issues of fact implicit in those set forth above.

## CONTESTED ISSUES OF LAW

### A.     Plaintiff's Contested Issues of Law

1.     Whether Defendant has articulated through admissible evidence a legitimate, nondiscriminatory reason for refusing to hire Plaintiff for the position of Chief Operations Officer in 2001.

2.     Whether Defendant has articulated through admissible evidence a legitimate, nondiscriminatory reason for refusing to hire Plaintiff for the position of Human Resources Director in 2003.

3.     To the extent that Defendant articulates through admissible evidence a legitimate, nondiscriminatory reason for refusing to hire Plaintiff for the position of Chief Operations Officer in 2001, whether that articulated reason is pretextual.

4.     To the extent that Defendant articulates through admissible evidence a legitimate, nondiscriminatory reason for refusing to hire Plaintiff for the position of Human Resources Director in 2003, whether that articulated reason is pretextual.

5.     Whether Plaintiff's age was a determining factor in Defendant's failure to hire Plaintiff for the position of Chief Operations Officer in 2001.

12

6.      Whether Plaintiff's age was a determining factor in Defendant's failure to hire Plaintiff for the position of Human Resources Director in 2003.

7.      Whether and to what extent Plaintiff is entitled to damages and relief in this cause.

### B.      Defendant's Contested Issues of Law

1.      Whether Plaintiff can establish the elements of a *prima facie* case of age discrimination based upon the failure to be selected for the position of Chief Operations Officer in 2000;

2.      Whether Plaintiff can demonstrate that he was treated less favorably than a similarly-situated individual from outside the protected class in connection with the non-selection for the position of Chief Operations Officer in 2000.

3.       Whether Plaintiff can establish the elements of a *prima facie* case of age discrimination based upon the failure to be selected for the position of Human Resources Director in 2002.

4.      Whether Plaintiff can demonstrate that he was treated less favorably than a similarly situated individual from outside the protected class in connection with the non-selection for the position of Human Resources Director in 2002.

5.      Whether Defendant, Memphis Health Center is liable under the theory of *respondeat superior* for the alleged actions of its employees;

6.      Assuming that Plaintiff states a *prima facie* case of age discrimination, whether Defendant, Memphis Health Center has articulated a legally sufficient legitimate non-discriminatory reason for any adverse employment actions it has taken with regard to the Plaintiff;

7.      Whether Plaintiff has any evidence to rebut any legitimate non-discriminatory reason offered by, Defendant, Memphis Health Center;

8.      Whether Plaintiff is entitled to an award of front pay or back and the extent of such an award;

9.      Whether or not Plaintiff has established any wanton or willful conduct on the part of the Defendant, Memphis Health Center sufficient to establish an award of liquidated damages;

10.     Whether or not Plaintiff is entitled to any award of liquidated damages under the ADEA;

11.     Whether or not Plaintiff has mitigated his damages, if any;

12.     Whether Defendant, Memphis Health Center's good faith efforts to enact and enforce policies and procedures prohibiting age discrimination should operate to bar Plaintiff's liquidated damages claims;

13.     Whether Plaintiff is entitled to any award of attorneys fees or costs under ADEA, 29 U.S.C. 621, et seq.

14.     Any issue of law implicit in those set forth above.

## EXHIBIT LIST

**A.  Plaintiff's Exhibits:**

## WILL OFFER

|                                                                                                     | DATE      | BATES STAMP NO. |
|-----------------------------------------------------------------------------------------------------|-----------|-----------------|
| PX1.  Chief Operations Officer Job Opening                                                          | 11/15/00  | V0000173        |
| PX2.  *Tri-State Defender* Newspaper Ad for Chief Operations Officer Position                       | 11/25/00  | V0000264        |
| PX3.  Troy L. Vaughan Jr. Resume                                                                    |           | V0000001        |
| PX4.   Letter from Troy Vaughan, Jr. to MHC Board Chair June Chinn-Jones; cc: Incoming MHC Board Chair Greg Grant | 10/23/01  | V000004-5       |

PX5.   Leon Dishmon Resume                                        V0000251-55;
                                                                  D0155-59;

PX6.   Defendant's Answers to Plaintiff's First          2/26/04
Requests for Production of Documents
(Requests No. 46 & 47)

PX7.   Defendant's Supplemental Answers to Plaintiff's   3/17/04
First Requests for Production of Documents
(Requests No. 46)

PX8.   Memphis Health Center, Inc. Minutes of           12/6/01    V0000270-72
Human Resources Committee Meeting

PX9.   Memphis Health Center, Inc. Minutes of           12/12/01   V0000267-69
Board of Governors Meeting

PX10.  *Commercial Appeal* Newspaper Ad                  2/02/03   V0000018
for Human Resources Director Position

PX11.  Amended Complaint of Plaintiff                   11/19/03
Troy L. Vaughan, Jr.

PX12.  Amended Answer of the Defendant                  12/18/03
Memphis Health Center, Inc.

PX13.  Second Amended Answer of the Defendant            7/7/04
Memphis Health Center, Inc.

PX14.  Defendant's Answers to Plaintiff's First Set of   2/19/04
Interrogatories to Defendant
(Interrogatory Nos. 9, 10, 11, 12, 14 and 15)

PX15.  Defendant's Supplemental Answers to Plaintiff's   3/17/04
First Set of Interrogatories (Interrogatory No. 12)

PX16.  Letter from MHC CEO Colleen Gibson                1/30/02   D0160-61
to Leon Dishmon re termination

PX17.  Letter from MHC CEO Colleen Gibson                2/08/02   D0120
to Leon Dishmon re termination

PX18.  Plaintiff's First Request for Admissions          8/16/04
(Request Nos. 1-7; 9 and
EXHIBITS referenced therein)

15

PX19.  Table III United States Life Table (Tenn. Code Ann.)          V00000333-35

PX20.  Table VI Commissioners 1980 Standard and                      V00000333;
1983 Individual Annuity Table (Tenn. Code Ann.)                      336-37

PX21.    Federal Reserve Board – Publication H. 15                   V0000351-52
Selected Interest Rates
(*Plaintiff will utilize the most recent weekly rate
in effect at time of trial)

PX22.  Table IX Present Value Table (Tenn. Code Ann.)                V00000333;
                                                                     338-41

PX23.  Back Pay/Liquidated Damages Chart                             V0000353-55
(COO Position)

PX24.  Front Pay Damages Chart                                       V0000356-57
(COO Position)

PX25.  Back Pay/Liquidated Damages Chart                             V0000358-59
(HR Director Position)

PX26.  Front Pay Damages Chart                                       V0000360-61
(HR Director Position)

## MAY OFFER

PX27.  Defendant's Second Supplemental Answers to Plaintiff's    3/17/04
First Requests for Production of Documents to Defendant
(Request No. 5)

Plaintiff reserves the right to offer additional exhibits for rebuttal, demonstrative or

impeachment purposes, including but not limited to various chronologies and timelines, copies of

which are to be provided to opposing counsel.  Plaintiff further reserves the right to offer any

exhibits listed or offered by the opposing party.

### B.      Defendant's Objections to Plaintiff's Exhibits

Defendant does not stipulate to the authenticity of any document and would reserve the

right to address issues of authentication and all other objections under the Federal Rules of

Evidence at the time that the document is offered. Defendant has stated objections to certain of

Plaintiff's exhibits by way of a motion in limine and reserves for trial other objections to

designated deposition testimony.

**C.    Defendant's Exhibits:**

| Exhibit No. | Documents | Bates Stamp No. | Trial No. |
|---|---|---|---|
| 1 | Troy Vaughn Resume | V0000001 | |
| 2 | Job Description for Chief Operations Officer 9/1999 | D-0006-D-0010 | |
| 3 | Troy Vaughan Job Search Letters | V0000043-V0000048 | |
| 4 | Job Postings In Commercial Appeal 2/20/2003 | V0000018 | |
| 5 | Job Posting  11/25/2000 | V0000265 | |
| 6 | Tennessee Human Rights Commission Questionnaire dates 11/11/2001 | D-0015-D-0024 | |
| 7 | Tennessee Human Rights Charge of Discrimination 200122a | V0000016 | |
| 8 | Equal Employment Opportunity Commission Charge of Discrimination 250-2003-02765 | V0000018 | |
| 9 | Tennessee Human Rights Commission File | Duplicate of EEOC file | |
| 10 | Equal Employment Opportunity Commission File | V0000145-V0000262 | |

17

| 11 | Employment Procedures for Filing New Positions | D-0012-D-0013 | |
| 12 | Response to Request for Information 11/21/2001 from MHC | D0033-D0035 | |
| 13 | Letter of 10/2/2001 from Virginia Richardson | D-0314 | |
| 14 | MHC Policy on Non-Discrimination | D-0002 | |
| 15 | MHC Policy on Equal Employment Opportunity | D-0002 | |
| 16 | MHC Policy of Discrimination | D-0003 | |
| 17 | Standards for Recruitment, Selections and Placement | D-0004-D-0005 | |
| 18 | Troy Vaughn Job Search Information | V0000041-V0000049 | |
| 19 | Pictures of the Memphis Health Center | D0314-D0320 | |
| 20 | Leon Dishmon Resume | D-0086-D-0090 | |
| 21 | UTMHSC Employee File for Troy L. Vaughn | D-0177D-0313 | |

Defendant reserves the right to add further exhibits for the purposes of rebuttal, demonstrative aids and those that may be relevant based on contingencies of the proof adduced at trial.

D. **Plaintiff's Objections to Defendant's Proposed Exhibits**

| | |
|---|---|
| 1.  Troy Vaughan Resume | |
| 2.  Job Description for Chief Operations Officer 9/1999 | OBJECTION, Lack of Authentication, Fed. R. Evid. 901; Hearsay, Fed. R. Evid. 801; Irrelevant, Fed. R. Evid. 402. |
| 3.  Job Description for Human Resources Director | OBJECTION, Lack of Authentication, Fed. R. Evid. 901; Hearsay, Fed. R. Evid. 801; Irrelevant, Fed. R. Evid. 402.  Defendant did not produce this document during discovery, despite requests from Plaintiff to do so. |
| 4.  Job Postings in Commercial Appeal 2/20/2003 | |
| 5.  Job Posting  11/25/2000 | |
| 6.  Tennessee Human Rights Commission Questionnaire date 11/11/2001 | |
| 7.  Tennessee Human Rights Charge of Discrimination 200122a | OBJECTION, Lack of Authentication, Fed. R. Evid. 901.  The document has not been produced in this litigation. |
| 8.  Equal Employment Opportunity Commission Charge of Discrimination 250-2003-02765 | OBJECTION, Hearsay, Fed. R. Evid. 801; Irrelevant, Fed. R. Evid. 402; Undue Prejudice, Fed. R. Evid. 403. |
| 9.  Tennessee Human Rights Commission File | OBJECTION, Lack of Authentication, Fed. R. Evid. 901; Hearsay, Fed. R. Evid. 801; Irrelevant, 402; Undue Prejudice, Fed. R. Evid. 403; Lack of Specificity as to Exhibits Being Offered. |
| 10.  Equal Employment Opportunity Commission File | OBJECTION, Lack of Authentication, Fed. R. Evid. 901; Hearsay, Fed. R. Evid. 801; Irrelevant, 402; Undue Prejudice, Fed. R. Evid. 403; Lack of Specificity as to Exhibits Being Offered. |
| 11.  Employment Procedures for Filing New Positions | OBJECTION, Lack of Authentication, Fed. R. Evid. 901; Hearsay, Fed. R. Evid. 801; Irrelevant, Fed. R. Evid. 402. |
| 12.  Response to Request for Information 11/21/2001 from MHC | OBJECTION, Lack of Authentication, Fed. R. Evid. 901; Hearsay, Fed. R. Evid. 801. |
| 13.  Letter of 10/2/2001 from Virginia Richardson | OBJECTION, Hearsay, Fed. R. Evid. 801. |
| 14.  MHC Policy on Non-Discrimination | |
| 15.  MHC Policy on Equal Employment Opportunity | |
| 16.  MHC Policy on Discrimination | |
| 17.  Standards for Recruitment, Selections and Placement | OBJECTION, Lack of Authentication, Fed. R. Evid. 901; Hearsay, Fed. R. Evid. 801; Irrelevant, Fed. R. Evid. 402. |
| 18.  Troy Vaughn Job Search Information | |

| 19. Picture of the Memphis Health Center | OBJECTION, Irrelevant, 402; Undue Prejudice, Fed. R. Evid. 403. |
|---|---|
| 20, Leon Dishmon Resume | |
| 21. UTMHSC Employee File for Troy L. Vaughan | OBJECTION, Lack of Authentication, Fed. R. Evid. 901; Hearsay, Fed. R. Evid. 801; Irrelevant, 402; Undue Prejudice, Fed. R. Evid. 403; Lack of Specificity as to Exhibits Being Offered. |

## WITNESSES

### A.    Plaintiff:

**WILL CALL**

Troy Vaughan (plaintiff)
Leon Dishmon (by live and/or deposition testimony)
Gregory Grant (by live and/or deposition testimony)
June Chinn-Jones
Morristein Holman

**MAY CALL**
Custodian of Records of Memphis Health Center, Inc.
(Board and Committee Minutes)
Corporate Representative to be named by Defendant
Virginia Richardson
Colleen Gibson

Plaintiff reserves the right to call any witness listed or called by Defendant.  Plaintiff also

reserves the right to call additional witnesses for rebuttal or impeachment purposes.

### B.    Defendant:

**WILL CALL:**

Corporate Representative to be named
Virginia Richardson

**MAY CALL:**

Defendant may call at trial the following witnesses by live testimony or by deposition

(upon a showing of unavailability):

Troy Vaughan
Gregory Grant
Leon Dishmon
Records Custodian for the University of Tennessee
Representative from the Tennessee Human Rights Commission
Any witness listed by the Plaintiff in his pretrial disclosures or called by the Plaintiff to testify at trial.

Defendant also reserves the right to call additional witnesses for rebuttal or impeachment purposes.

### C.    Plaintiff's Objections to Defendant's Witnesses:

Plaintiff objects to the testimony of Dr. Sandra Randolph on the grounds of Lack of Personal Knowledge, Rule 602; Hearsay, Rules 802; and Lack of Foundation for Business Record Exception to Hearsay, Rule 803(6). Plaintiff objects to the Record Custodian for the University of Tennessee and Representative from the Tennessee Human Rights Commission as witnesses on the grounds of Relevance, Fed. R, Evid. 402; Undue Prejudice, Fed. R. Evid. 403; Lack of Personal Knowledge, 602; Hearsay, Fed. R. Evid. 802. At this time, it is unclear why Defendant is offering these witnesses. Plaintiff reserves the right to offer additional objections once the reasons for their testimony are disclosed.

### D.    Defendant's Objections to Plaintiff's Witnesses:

Defendant objects to the attempt to call the records custodian of the Memphis Health Center as there is no such person.

### DEPOSITION TESTIMONY

Plaintiff designates the following excerpts of the Leon Dishmon and Gregory Grant depositions that may be presented at trial:

<u>Leon Dishmon</u>

| start | stop |
|-------|------|
| p. 5, l. 1 | p. 5, l. 12 |
| p. 5, l. 16 | p. 5  l. 24 |
| p. 8, l. 17 | p. 12, l. 23 (Dep. Ex. 3) |
| p. 13, l. 19 | p. 14, l. 20 |
| p. 16, l. 3 | p. 17, l. 20 |
| p. 22, l. 17 | p. 23, l. 13 |
| p. 25, l. 3 | p. 25, l. 19 (Dep. Exs. 5 and 6) |
| p. 28, l. 11 | p. 30, l. 11 (Dep. Ex. 7) |
| p. 32, l. 2 | p. 35, l. 3 |
| p. 35, l. 10 | p. 36, l. 21 |

<u>Gregory Grant</u>

| start | stop |
|-------|------|
| p. 5, l. 4 | p. 6, l. 18 |
| p. 8, l. 24 | p. 14, l. 14 |
| p. 14, l. 21 | p. 17, l. 6 |
| p. 21, l. 6 | p. 22, l. 7 (Dep. Ex. 1) |
| p. 24, l. 7 | p. 24, l. 17 |
| p. 28, l. 15 | p. 28, l. 22 |
| p. 28, l. 23 | p. 29, l. 13 |
| p. 42, l. 5 | p. 42, l. 8 |
| p. 43, l. 3 | p. 43, l. 8 |

p. 43, l. 9          p. 43, l. 16

p. 44, l. 8          p. 44, l. 15

## ESTIMATED TRIAL LENGTH/STATEMENT OF JURY TRIAL

This case is a jury trial currently set for August 29, 2005 at 9:30 a.m.  This trial should take from two to three days.

## AMOUNT OF ASCERTAINABLE DAMAGES

Plaintiff has attached a damages calculation on back pay, front pay and liquidated damages as EXHIBIT A to this Joint Pretrial Order.  This damages calculation was previously provided to Defendant through Rule 26 disclosures.  Plaintiff will supplement and utilize the appropriate federal court interest rate in effect the week of trial.   Defendant objects to the damages calculation of the Plaintiff as speculative and objects to the Plaintiff's EXHIBIT A.  The issue of damages is a subject of a Motion in Limine to be filed with the Court.

## LIST OF INTERESTED ATTORNEYS

**Attorneys for Plaintiff Troy L. Vaughan, Jr.**

David M. Rudolph (BPR # 13402)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Avenue, Suite 1000
Memphis, Tennessee 38103-1182
(901) 522-9000
(901) 527-3746 (fax)

**Attorneys for Defendant Memphis Health Center, Inc.**

Florence M. Johnson
LAW OFFICE OF FLORENCE M. JOHNSON
100 North Main Building, Suite 3001
Memphis, Tennessee 38103
(901) 522-8900
(901) 522-8219 (fax)

Pamela Brown
LAW OFFICE OF PAMELA BROWN
100 North Main Building, Suite 3001
Memphis, Tennessee 38103
(901) 522-8900
(901) 522-8219 (fax)

Copies of interested law firms' letterheads are attached as EXHIBIT B.

## LIST OF SPECIAL EQUIPMENT

Counsel for Plaintiff and Defendant intend to access the Court's video distribution system and with the Court's permission use a laptop computer to disseminate computer generated evidence and video depositions.

IT IS SO ORDERED this 29 th day of August, 2005.

_____
**SAMUEL H. MAYS, JR.**
**United States District Court Judge**

**FOR PLAINTIFF:**                               **FOR DEFENDANT:**


_____                 _____
**David M. Rudolph**                                 **Florence Johnson**

24

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 120 in case 2:03-CV-02470 was distributed by fax, mail, or direct printing on August 31, 2005 to the parties listed.

---

Florence M. Johnson
LAW OFFICE OF FLORENCE JOHNSON
100 N. Main Building
Ste. 3001
Memphis, TN 38103

David M. Rudolph
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

Pamela Y. McFarland- Brown
LAW OFFICE OF PAMELA McFARLAND-BROWN
100 N. Main Building
Ste. 3001
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT