IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| **TROY L. VAUGHAN, JR.,** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    No. 03-2470 Ma/V |
| **MEMPHIS HEALTH CENTER, INC.,** | ) |
| | ) |
|     Defendant. | ) |
| | ) |

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND EXPENSES**
_____

Plaintiff Troy L. Vaughan, Jr., ("Vaughan") brought this action against Defendant Memphis Health Center, Inc. ("MHC") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 1967. On August 30, 2005, after a two-day trial, the jury found in favor of Vaughan and awarded him back pay and liquidated damages. Before the court is Vaughan's motion for award of attorney fees and expenses, filed on October 13, 2005. Vaughan seeks attorneys' fees in the amount of $136,758.75 and expenses in the amount of $5,449.98. Defendant MHC has not filed a response.  For the following reasons, Vaughan's motion is GRANTED.

Under the ADEA, the award of reasonable attorneys' fees and costs to a prevailing plaintiff is mandatory. 29 U.S.C. § 626(b)

1

(incorporating by reference 29 U.S.C. § 216(b)). Therefore, because Vaughan is the prevailing party in this case, the court must determine what award would be reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Vaughan seeks an award of fees at the rate of $200 per hour for hours billed through January 8, 2004, and $225 per hour thereafter. According to the affidavit of Vaughan's attorney, David M. Rudolph ("Rudolph"), these rates represent his standard hourly rates for the dates billed. (Rudolph Aff. ¶ 6, Oct. 12, 2005.) Vaughan also submits the affidavit S. Carolyn Howard, a Memphis attorney practicing primarily employment law, who attests that, based on her review of the case file, time records, and Rudolph's affidavit, Rudolph's hourly rates are "in line with the prevailing market rate of attorneys with comparable experience and are fair and reasonable." (Howard Aff. ¶ 8, Oct. 21, 2005.) The court finds that Rudolph's hourly rates are reasonable.

With his motion, Vaughan submits the time records kept by Rudolph, showing that Rudolph worked a total of 617.2 hours on the case. (Rudolph Aff. Ex. A.) Rudolph attests that he has reduced the number of billable hours to remove hours that were duplicative or marginal. (Id. ¶ 7.) Having reviewed Rudolph's time records and given the nature of the case, the court finds

the number of hours worked reasonable. Therefore, the lodestar amount for the award of attorneys' fees is the amount requested, $136,758.75.

This amount may be adjusted upward or downward by the court based on additional considerations, including the important consideration of the results obtained by the attorney. Hensley, 461 U.S. at 434. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Id. at 435. In this case, the jury found that age was a determinative factor in MHC's decision not to hire Vaughan for the position of Chief Operations Officer or Human Resources Director. The jury awarded Vaughan back pay but declined to award him front pay. Additionally, the jury found that the decision not to hire Vaughan for either position was willful, the necessary finding for an award of liquidated damages. Although Vaughan was not awarded front pay, the court finds that Rudolph obtained excellent results for his client and, therefore, grants Vaughan's motion for an award of attorneys' fees in the amount of $136,758.75.

Vaughan has provided the court with an itemized list of costs totaling $5,449.98, as well as billing statements, invoices, and receipts. (Rudolph Aff. ¶ 10, Ex. C.) The court finds that the claimed expenses are reasonable and, therefore, grants Vaughan's motion for an award of costs in the amount of

$5,449.98.

For the foregoing reasons, Plaintiff Troy L. Vaughan, Jr.'s motion for award of attorney fees and expenses is GRANTED, and Vaughan is awarded attorneys' fees in the amount of $136,758.75 and expenses in the amount of $5,449.98.

So ordered this 8th day of March 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE