```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

TROY L. VAUGHAN, JR.,              )
                                   )
    **Plaintiff**,                    )
                                   )
v.                                 )
                                   )       No. 03-2470 Ma/V
MEMPHIS HEALTH CENTER, INC.,       )
                                   )
    **Defendant**.                   )
                                   )
_____

**ORDER DENYING DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT WITHOUT POSTING BOND**
_____

Plaintiff Troy L. Vaughan, Jr., ("Vaughan") brought this action against Defendant Memphis Health Center, Inc. ("MHC") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 1967. On August 30, 2005, after a two-day trial, the jury found in favor of Vaughan and awarded him back pay and liquidated damages, and on March 8, 2006, the court awarded attorney fees and expenses under the ADEA. On April 28, 2006, the court entered final judgment against MHC in the amount of $407,635.39. Before the court is MHC's motion to stay execution of judgment, filed on July 6, 2006. MHC asks the court to stay execution of judgment without requiring it to post a supersedeas bond. Vaughan responded on July 8, 2006. For the following reasons, MHC's motion is DENIED.

1

Under Fed. R. Civ. P. 62(d), an appellant may obtain a stay by giving a supersedeas bond. The bond is meant to protect both the appellant and the appellee. The appellant is protected from "the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal," Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979), and the appellee is protected "from the risk of a later uncollectible judgment and compensate[d]... for delay in the entry of the final judgment." NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988). Therefore, "a full supersedeas bond should almost always be required." Hamlin v. Charter Twp. of Flint, 181 F.R.D. 348, 351 (E.D. Mich. 1998). A court may, however, waive the bond requirement in "extraordinary circumstances." Id. at 353. "If a court chooses to depart from the usual requirement of a full security supersedeas bond..., it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." Poplar Grove, 600 F.2d at 1191. No bond is required if the appellant is the United States or an officer or agency of the United States. Fed. R. Civ. P. 62(e).

MHC asserts that it should not be required to give bond because it is a quasi-federal agency. MHC receives about 40% of its funding through a grant from the U.S. Department of Health and Human Services, and because many of its patients are on Medicare or Medicaid, much of MHC's revenue comes from the

federal government. That MHC receives a large amount of funding and revenue from federal agencies, however, does not make MHC itself a federal agency. Therefore, Rule 62(e) does not apply to MHC.

    MHC also argues that it should be exempted from the bond requirement because giving bond could lead MHC to cut its staff and services and, therefore, injure its low-income and indigent patients. A court may provide for a substitute form of security where the posting of a full bond would cause financial hardship. Poplar Grove, 600 F.2d at 1191; C. Albert Sauter Co. v. Richard S. Sauter Co., 368 F. Supp. 501, 520 (E.D. Pa. 1973). The court, however, will not waive the bond requirement based solely on the sworn statement of William L. Jackson that, "[i]n [his] opinion, as CEO of MHC, the diversion of funds from providing healthcare...would most likely place MHC in a hardship position..." (Jackson Aff. ¶ 9, June 6, 2006.) The burden on the movant to demonstrate the "extraordinary circumstances" required for a departure from Rule 62(d)'s bond requirement cannot be satisfied without providing the court with evidence of actual financial hardship.

For the foregoing reasons, Defendant Memphis Health Center, Inc.'s motion to stay execution of judgment without requiring the posting of a supersedeas bond is DENIED.

So ordered this 20th day of July 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE